---

[No. 8,088.   Department One. — June 6, 1884.]
## DAMIE COCKRILL, Appellant, *v.* HENRY HALL, Respondent.

Deceit—Promissory Note—Statute of Limitations. — A fraudulent promise made by the maker of a promissory note to the payee, by which the maker gets possession of the note, and retains it until it is barred by the Statute of Limitations, is actionable under sections 1709 and 1710 of the Civil Code.

Appeal from a judgment of the Superior Court of Sonoma County.

The facts are stated in the opinion of the court.

*Henley, Whipple & Oates*, for Appellant.

*George A. Johnson*, for Respondent.

McKee, J. — The action in hand was brought under sections 1709 and 1710 of the Civil Code to recover damages for a deceit. There was a demurrer to the complaint, which the court sus-

tained, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The statement shows that on the 3d day of April, 1880, the plaintiff, being the owner and holder of a promissory note made by the defendant, demanded of him immediate payment of a balance of principal and interest due upon it. The defendant was not ready to pay, but he promised the plaintiff if she would let him take the note home with him he would compute the amount due upon it, and would next day renew it with security, or return it. Upon this promise the plaintiff handed the note to the defendant, who, instead of renewing it next day or returning it, as he had promised, kept it until the Statute of Limitations barred an action upon it, and then refused to pay because it was barred by the statute.

It is charged that the defendant when he made the promise intended not to perform it, but made it falsely for the purpose of deceiving the plaintiff, getting possession of the note, and preventing the plaintiff from suing upon it.

This was a sufficient statement of a cause of action.

A fraudulent promise which induces a person to act in such a way as to affect his legal right, or to alter his position to his injury or risk, is actionable under sections 1709 and 1710 of the Civil Code.

Judgment reversed and cause remanded with direction to the court below to overrule the demurrer.

Ross, J., and McKINSTRY, J., concurred.