[Civ. No. 22377. Second Dist., Div. Three. Dec. 27, 1957.]

BERTHA REGUS, Appellant, v. CARL SCHARTKOFF
et al., Respondents.

Belli, Crowley & Ford and Harold Rhoden for Appellant.

Parker, Stanbury, Reese & McGee, Charles A. Harrison and Raymond G. Stanbury for Respondents.

VALLÉE, J.—Appeal from a judgment of dismissal entered on an order sustaining defendants' demurrer to the first amended complaint, referred to as the complaint, without leave to amend. The complaint is in four counts.

### Count I

Count I alleges that on July 2, 1953, plaintiff sustained injuries resulting from a bite inflicted by a dog owned by defendants Carl and Anna Schartkoff. The original complaint was filed April 2, 1956. In an effort to toll the statute of limitations and estop the Schartkoffs from raising the statute, Count I alleges that on July 7, 1953, September 7, 1953, December 1, 1953, March 1, 1954, June 16, 1954, and at other times defendant Neal D. Wagoner, as agent for defendant Allstate Insurance Company and the Schartkoffs, with intent to deceive and defraud plaintiff, represented to her: 1. He, Wagoner, was a claim adjuster for Allstate. 2. The Schartkoffs were insured by Allstate. 3. All of plaintiff's damages would be paid by Allstate and plaintiff would receive enough money to enable her to retire and take a long vacation. 4. Plaintiff had three years before which her claim would be barred by the statute of limitations and she could bring suit at any time within three years from the date of the dog bite. 5. It would be to plaintiff's detriment to obtain legal counsel.

Count I further alleges that at said times Wagoner orally

promised plaintiff Allstate would pay all of her damages and impliedly represented that "in his state of mind there existed a present intention on his part to perform said promise on behalf of said company." At all times Wagoner had knowledge far superior to plaintiff's concerning the statute of limitations and knew plaintiff's claim would be barred in one year. Wagoner had no intention to perform his promise. Plaintiff relied on Wagoner's representations and promise and on his superior knowledge "of such matters"; and in reliance thereon did not consult counsel regarding her claim, and did not file suit thereon within one year from the date of the dog bite.

Count I further alleges that on July 20, 1954, Wagoner informed plaintiff a one-year statute of limitations had applied in her case; the one-year period had expired; and as a consequence Allstate would pay her only $170 to cover her medical bills; "whereupon plaintiff first discovered the fraud perpetrated upon her by NEAL D. WAGONER." In July 1954 on learning of the fraud plaintiff immediately sought the advice of an attorney and was informed by him that a one-year statute did apply to her claim and it was barred. Plaintiff believed she had been defrauded and that her claim was barred and, being unfamiliar with the law of estoppel, she did not seek to file her claim. In December 1955, while receiving legal advice by her present counsel on another matter, her claim for personal injuries was called to his attention. She began an investigation which was completed in March 1956, and on April 2, 1956, the complaint was filed.

The demurrer to Count I was on the ground, among others, that it was barred by section 340, subdivision 3, of the Code of Civil Procedure—the one-year statute.

The equitable doctrine of estoppel *in pais* is applicable in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations. A person by his conduct may be estopped to rely on the statute. Where the delay in commencing an action is induced by the conduct of the defendant, it cannot be availed of by him as a defense. One cannot justly or equitably lull his adversary into a false sense of security and thereby cause him to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought. Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made may create an estoppel against

pleading the statute. A party has a reasonable time in which to bring his action after the estoppel has expired. (*Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal. App.2d 684, 689-690 [252 P.2d 649]; *Carruth* v. *Fritch*, 36 Cal.2d 426, 433-434 [224 P.2d 702, 24 A.L.R.2d 1403].)

 When a substantial period for instituting an action supervenes after expiration of the delay engendered by a party, his conduct, representations, or promise will not estop him from asserting the bar of the statute. And he is not estopped where the conduct, representations, or promise did not in fact induce the party to forbear from instituting an action. (*Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 690 [252 P.2d 649]; 53 C.J.S. 967, § 25.)

 The statute becomes operative when the aggrieved party discovers the fact on the existence of which the cause of action accrues. (*Pashley* v. *Pacific Elec. Ry. Co.*, 25 Cal.2d 226, 229 [153 P.2d 325]; *Kimball* v. *Pacific Gas & Elec. Co.*, 220 Cal. 203, 210 [30 P.2d 39].) Where the inducement for delay has ceased to operate, the plaintiff cannot excuse his failure to institute his action on the ground of estoppel. (130 A.L.R. 8, 19; 24 A.L.R.2d 1413, 1423.)

 We think it manifest that the reasonable time in which a plaintiff may file his action after discovery of the alleged fraud cannot exceed the period of limitation imposed by the statute for commencing the action. Assuming as we must that the facts alleged are true, defendants are estopped from asserting the statute from July 2, 1953, the date of the dog bite, until July 20, 1954, the date plaintiff discovered the fraud. The action was not filed until April 2, 1956, nearly two years after plaintiff discovered the fraud. A substantial period supervened after July 20, 1954. From July 20, 1954 to April 2, 1956, neither the conduct, nor the representations, nor the promise of Wagoner was a factor in inducing plaintiff to forbear from instituting the action against the Schartkoffs.

We hold the cause of action alleged in Count I is barred by the statute.

### Counts II and III

Count II alleges the same facts as Count I, omitting the allegations with respect to the making of a promise without any intention of performing it. Count III is based on the making of the promise that Allstate would pay all of plaintiff's damage without any intention of performing. It alleges plaintiff relied on the promise, and in such reliance did not

consult an attorney regarding her claim and did not file suit within one year from the date of the dog bite.

Civil Code, section 1708, reads: ''Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights.''

Section 1709 reads: ''One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.''

Section 1710 reads: ''A deceit, within the meaning of the last section, is either:

''1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

''2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

''3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,

''4. A promise, made without any intention of performing it.''

 The elements of actionable deceit are: a false representation of a material fact made with knowledge of its falsity, or recklessly, or without reasonable grounds for believing its truth, and with intent to induce reliance thereon, on which plaintiff justifiably relies to his injury. (*Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 294 [295 P.2d 113].) Count II contains facts which embrace all these factors. Fraud is the gravamen of the cause of action.

It is argued that the representation alleged is one of law; that a misrepresentation as to a matter of law, or a concealment as to a matter of law, will not constitute actionable fraud even though such misrepresentation is believed and acted on.

 The general rule is that a misrepresentation of law is not actionable fraud. That is, a representation of law by a layman not occupying a confidential relationship toward the one to whom it is addressed and based on facts equally known or accessible to both does not ordinarily justify reliance on the representation. (23 Cal.Jur.2d 45, § 17.) The general rule has exceptions. One exception is where the party expressing the opinion purports to have expert knowledge concerning the matter. (*Seeger* v. *Odell,* 18 Cal.2d 409, 414 [115 P.2d 977, 136 A.L.R. 1291].) Another exception is where the party expressing the opinion, having had superior means of information, possesses a knowledge of

the law and thereby gains an unconscionable advantage over one who is ignorant and has not been in a situation to become informed. (*Bank of America* v. *Sanchez*, 3 Cal.App.2d 238, 242 [38 P.2d 787].) In either of these cases the injured party is entitled to relief. The right to relief is predicated on the same ground as if the misrepresentation of law were of a matter of fact.

A demurrer admits the truth of allegations which are well pleaded, however improbable the facts may appear to be. (*Lee* v. *Hensley*, 103 Cal.App.2d 697, 704 [230 P.2d 159].)

Wagoner was an insurance adjuster. He had knowledge far superior to that of plaintiff. He knew plaintiff's claim would be barred in one year. The allegations of Count II are sufficient to bring the cause of action within both of the stated exceptions.

The facts essential to the statement of a cause of action in fraud or deceit based on a promise made without any intention of performing it are: (1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent at the time of making the promise; (3) the promise was made with intent to deceive or with intent to induce the party to whom it was made to enter into the transaction; (4) the promise was relied on by the party to whom it was made; (5) the party making the promise did not perform; (6) the party to whom the promise was made was injured. (*Berkey* v. *Halm*, 101 Cal.App.2d 62, 69 [224 P.2d 885].) Count III alleges all of these facts.

Defendants say plaintiff should have discovered the fraud sooner and that where the facts on which a fraud rests are matters of public record, open to inspection, ignorance of the fraud will not excuse or stay the running of the statute. The argument is without merit. Where fraud is involved, public records are not constructive notice of the true facts to the defrauded party. (*Seeger* v. *Odell*, 18 Cal.2d 409, 414-415 [115 P.2d 977, 136 A.L.R. 1291]; *Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 296 [295 P.2d 113].) In view of the allegations of Counts II and III it cannot be said as a matter of law that plaintiff's failure to examine the law or seek legal advice with respect to the statute of limitations precludes her from maintaining her action on those counts. The fraud was discovered on July 20, 1954. The action was instituted April 2, 1956. An action for relief on the ground of fraud must be commenced within three years after the cause of action shall have accrued. The cause of action in such case is not to be

deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. (Code Civ. Proc., § 338, subd. 4.) In view of the facts alleged it cannot be said as a matter of law that plaintiff should have discovered the fraud sooner.

We hold that Counts II and III each state facts sufficient to constitute a cause of action against defendants Wagoner and Allstate.

### Count IV

 This count is based on contract. It is at law for damages for breach of the contract. The contract alleged is the oral promise of Wagoner that all of plaintiff's damages would be paid by Allstate if plaintiff would not retain legal counsel and would not file a lawsuit against the Schartkoffs. It is alleged plaintiff performed all conditions precedent, and in compliance with the terms of the promise refrained from filing suit during the period of the statute of limitations. One of the grounds of demurrer to this count was that it does not state facts sufficient to constitute a cause of action. Defendants' argument is that the promise was to answer for the debt, default, or miscarriage of another—that of the Schartkoffs; and that it is unenforceable under section 1624, subdivision 2, of the Civil Code and section 1973, subdivision 2, of the Code of Civil Procedure. Plaintiff says the promise comes within section 2794, subdivision (4), of the Civil Code.

Civil Code, section 1624, subdivision 2, provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . .

"2. A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in section 2794. . . ."

Code of Civil Procedure, section 1973, subdivision 2, is to the same effect. Civil Code, section 2794, subdivision (4), provides:

"A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: . . .

"(4) Where the promise is upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person. . . ."

 "The rule is stated: 'Whenever a promise to answer an antecedent obligation of another is made upon a fresh consideration beneficial to the promisor, no matter from what

source it may move, the promise is an original one and valid though oral; or, as was said in an early case, whenever the leading and main object of the promisor is not to become surety or guarantor of another, but to subserve some purpose or interest of his own, his promise is not within the statute, although the effect of the promise may be to pay the debt or discharge the obligation of another.' . . . 'The important question, running through all cases dealing with the code subdivision just quoted, is whether the promises made are in fact assumptions of another's liability, or the primary obligation of the promisor himself. In the former case, the promise is within the statute and must be in writing, but in the latter case the promise is valid, though verbal. The precise language used in making the promise is important, as a slight change in phraseology may have the effect of changing a promise, intended to be conditional and collateral, into an independent and original undertaking.' '' (*Schumm* v. *Berg*, 37 Cal.2d 174, 187 [231 P.2d 39, 21 A.L.R.2d 1051].)

The promise alleged was made on ''a fresh consideration beneficial to the promisor''—Wagoner and Allstate. The leading and main object of Wagoner was not to become surety or guarantor for the Schartkoffs but to subserve the purpose and interest of Allstate. Therefore, the promise was an original one and valid, though oral. Wagoner's promise is not within the statute of frauds although the effect may have been to discharge the obligation of the Schartkoffs. In agreeing to refrain from suing, plaintiff suffered a detriment as a result of Wagoner's promise. (*Schumm* v. *Berg*, 37 Cal.2d 174, 184 [231 P.2d 39, 21 A.L.R.2d 1051].)

We hold that Count IV states facts sufficient to constitute a cause of action against Wagoner and Allstate.

The original complaint, in the count based on contract, alleged the promise was made on or about March 1, 1954. Count IV, the count based on contract in the first amended complaint, alleges it was made on June 16, 1954. Thus if March 1, 1954, is the date the promise was made, Count IV is barred by the two-year statute. Defendants say that where a prior complaint contains allegations which make it fatally defective they may not be omitted in a later complaint without an explanation; and, on failure to make a satisfactory explanation, it is proper to sustain a demurrer without leave to amend, citing *Rogers* v. *Bank of America*, 140 Cal.App.2d 228 [294 P.2d 959], and cases there mentioned which so hold. The rule stated is subject to the limitation

that if a proper explanation appears in the record the amended pleading is not vulnerable because of the facts alleged in the prior pleading. (*Owens* v. *Traverso,* 125 Cal.App.2d 803, 809 [271 P.2d 164].) We think the explanation for the change of date in the first amended complaint at bar appears from the record. The original complaint alleged Wagoner made the misrepresentations to plaintiff on July 7, 1953, September 7, 1953, December 1, 1953, *March 1, 1954,* and *June 16, 1954.* Count I of the first amended complaint alleges Wagoner "at said times" made the promise and Count IV alleges a promise was made on June 16, 1954. We think it appears that in drafting the original complaint counsel inadvertently used the earlier date, March 1, 1954, in the count based on contract instead of the later date alleged in Count I thereof—June 16, 1954. Count IV is not barred by the statute of limitations.

With respect to Counts II, III, and IV defendants argue that the causes of action alleged are under an insurance policy or based on the benefits of an insurance policy and that such an action does not lie until a judgment has been obtained against the defendant. The causes of action alleged in these counts are not under an insurance policy, nor are they based on the benefits of an insurance policy. The gist of the causes of action in Counts II and III is in tort. The gist of the cause of action alleged in Count IV is a contract wholly independent of the insurance policy.

The judgment, insofar as it dismisses the action as against defendants Carl and Anna Schartkoff, is affirmed. Insofar as it dismisses the action as to Counts II, III, and IV as against defendants Neal D. Wagoner and Allstate Insurance Company, it is reversed with directions to the superior court to overrule their demurrer to those counts. Defendants Neal D. Wagoner and Allstate Insurance Company shall bear plaintiff's costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied January 22, 1958.