[No. B003038. Second Dist., Div. Four. Sept. 17, 1984.]

JOHN MURAOKA, Plaintiff and Appellant, v.
BUDGET RENT-A-CAR, INC., Defendant and Respondent.

108

110

## COUNSEL

Kessler & Drasin and Gary Kessler for Plaintiff and Appellant.

Cadoo, Tretheway, McGinn & Serena, C. David Serena and Joseph C. Girard for Defendant and Respondent.

## OPINION

McCLOSKY, J.—Plaintiff John Muraoka appeals from the judgment of dismissal entered against him after the trial court sustained without leave to amend the demurrer of defendant Budget Rent-A-Car, Inc. (Budget) to plaintiff's second amended complaint.

### FACTS

In substance, the material allegations of plaintiff's second amended complaint are: Plaintiff was injured on July 31, 1980, when the automobile he was driving was struck by an automobile negligently driven by John Nelson Pennington. Mr. Pennington was driving that automobile with the consent of its owner Budget. Plaintiff immediately notified Budget of the accident. On September 4, 1980, Budget sent plaintiff a letter requesting more information from him and stating that " 'upon completion of our investigation, we will immediately contact you further regarding your claim.' " In response to this request, plaintiff sent Budget copies of his medical bills and

information regarding his property damage. On October 21, 1980, Budget sent plaintiff the following letter:

"Thank you for forwarding the copies of the draft and medical bills for your property damage and bodily injury claim. We realize that Western Pioneer Insurance Company paid for your vehicle and therefore they are the party to collect for this portion of your claim.

"The bodily injury portion however is collectable by you and in order to do so we need to have you sign the Medical Information form to obtain your doctors [sic] report on the condition while you were under his car. [sic]

"Please sign the attached and I will forward to Dr. Sakurai for his report.

"Then we can settle this portion of your claim."

On March 11, 1981, Dr. Sakurai, plaintiff's doctor, released plaintiff from treatment. On April 23, 1981, Budget wrote Dr. Sakurai requesting information regarding plaintiff's medical treatment. On June 15, plaintiff's insurance agent sent Budget the following correspondence at plaintiff's request: "Mr. Muraoka called us on June 15, 1981 about 2:00 P.M. to inform us that he has not heard from you yet.

"He is quite concerned about it being almost a year since the day of the accident.

"He hopes that a settlement can be made soon without litigation since he is being pressed by his doctor for an outstanding bill.

"Mr. Muraoka requests a letter of intention at once."

On August 14, 1981, plaintiff called Ms. Albergio at Budget and was told that his medical reports had not yet been received. Plaintiff phoned Dr. Sakurai's office and was told that there had been no request for them. On August 14, Ms. Albergio requested those reports from the doctor's office and after the terms for their payment were negotiated, they were sent out on September 23. On October 13, 1981, plaintiff called Ms. Albergio but was unable to contact her. The next day, plaintiff contacted Ms. Albergio and was told that the reports had just been received and that upon their review she would contact him.

On October 22, Budget made plaintiff settlement offers of $1,400 and $1,600. On October 26, plaintiff called Budget to turn down its offer. Bud-

get responded that its offer was final. On November 3, plaintiff told Budget that he wanted to make an equitable settlement or he would bring suit. On November 9, Budget sent plaintiff the following letter: "Following your recent telephone calls to this office a complete review of your file has been conducted. It appears that the accident in question occurred on July 31, 1980. Since the Statute of Limitations for stating a bodily injury claim is one year in California, we are respectfully closing this file at this time."

On June 30, 1982, plaintiff initiated this action by filing his original complaint. Thereafter, the trial court sustained Budget's demurrers to plaintiff's original and first amended complaints with leave to amend. Plaintiff then filed the subject second amended complaint. Budget interposed general and special demurrers to each cause of action of that complaint which the trial court sustained without leave to amend. This ruling resulted in an order (judgment) of dismissal from which plaintiff appeals.

## CONTENTIONS

Plaintiff raises the following contentions on appeal: "Appellant's first cause of action for negligence is not barred by the statute of limitations.

"Appellant's second cause of action properly pleads a cause of action for intentional misrepresentation.

"The third cause of action properly states a cause of action for negligent misrepresentation.

"The fourth cause of action for breach of Insurance Code § 790.03 properly states a cause of action against respondent Budget.

"Appellant's fifth cause of action for breach of the implied covenant of good faith and fair dealing is properly pled.

"Appellant's sixth cause of action is properly pled.

"The sixth cause of action for intentional infliction of emotional distress is not barred by the statute of limitations because this cause of action did not arise until after October, 1981."

## DISCUSSION

■ Budget interposed both general and special demurrers to each of plaintiff's causes of action. "The court sustained defendants' demurrer without leave to amend in general terms, contrary to Code of Civil Proce-

dure section 472d. Regardless of this error, the court's ruling will be upheld if any of the grounds stated in the demurrer is well taken." (*H & M Associates* v. *City of El Centro* (1980) 109 Cal.App.3d 399, 404 [167 Cal.Rptr. 392].)

■ "[W]hen a demurrer interposed on both general and special grounds is sustained without leave to amend in general terms and without a specification of reasons (see Code Civ. Proc., § 472d), it will be assumed on appeal that the court ruled only in the general demurrer and not on the special demurrer. (*Briscoe* v. *Reader's Digest Association, Inc.* (1971) 4 Cal.3d 529, 544 [93 Cal.Rptr. 866, 483 P.2d 34, 57 A.L.R.3d 1] and cases there cited.) Thus upon remand the parties and the court will not be precluded from further addressing the matter of specificity." (*E. L. White Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 504, fn. 1 [146 Cal.Rptr. 614, 579 P.2d 505].)

■ "Notwithstanding facts unclearly stated, lack of precise form or language, insertion of irrelevant facts and requests for inappropriate relief, the rule is that if, upon consideration of all the facts therein stated, liberally construed, it appears plaintiff is entitled to any judicial relief against defendant, the complaint will withstand the demurrer." (*Air Quality Products, Inc.* v. *State of California* (1979) 96 Cal.App.3d 340, 347 [157 Cal.Rptr. 791].)

■ "For purposes of this appeal, those factual allegations of the [second amended] complaint which are properly pleaded are deemed admitted by defendant's demurrer." (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].)

I

■ ■ Appellant initially contends that his "first cause of action for negligence is not barred by the statute of limitations."

The general demurrers Budget interposed to the first cause of action were that the cause of action was barred by the applicable one year statute of limitations and that it had no duty to notify plaintiff of that statute of limitations. The trial court sustained these demurrers without leave to amend.

■ Where a complaint shows upon its face that the statute of limitations has run, the plaintiff may anticipate the defense of limitation of action and allege facts to establish an estoppel. (*Kunstman* v. *Mirizzi* (1965) 234 Cal.App.2d 753, 755 [44 Cal.Rptr. 707].)

■ A defendant "cannot escape the consequences of [its] acts or conduct affirmatively engaged in to procure delay for purposes of settlement, or investigation or otherwise, upon which the [plaintiff] has relied and by which he has been induced to delay the filing of a claim until after the expiration of the statutory period. Such conduct, so relied upon, becomes the basis of an estoppel against the party responsible for the delay . . . ." (*Benner* v. *Industrial Acc. Com.* (1945) 26 Cal.2d 346, 350 [159 Cal.Rptr. 24]; see *Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791, 795 [176 Cal.Rptr. 214]; Annot., Statute of Limitations—Negotiations (1971) 39 A.L.R.3d 127.) "Actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create such an estoppel." (*Industrial Indem. Co.* v. *Ind. Acc. Com.* (1953) 115 Cal.App.2d 684, 690 [252 P.2d 649].)

■ But "[b]efore an estoppel to assert an applicable statute of limitations may be said to exist, certain conditions must be present: '[T]he party to be estopped must be apprised of the facts; the other party must be ignorant of the true state of facts, the party to be estopped must have intended that its conduct be acted upon, or so act that the other party had a right to believe that it was so intended; and the other party must rely on the conduct to its prejudice.' (*California Cigarette Concessions, Inc.* v. *City of Los Angeles,* 53 Cal.2d 865, 869 [3 Cal.Rptr. 675, 350 P.2d 715]; citing *Safway Steel Products, Inc.* v. *Lefever,* 117 Cal.App.2d 489, 491 [256 P.2d 32].)" (*Sumrall* v. *City of Cypress* (1968) 258 Cal.App.2d 565, 569 [65 Cal.Rptr. 755].)

■ In his second amended complaint, plaintiff pleads that as a result of Budget's above described conduct he "was lulled into a false sense of security. Plaintiff refrained from commencing a civil action for damages within the statutory time period because he was induced by defendants [*sic*] promises and conduct to believe that he would be fully compensated for his damages without litigation. However, these promises that plaintiff would be fully compensated for his damages were made with no intention of performing them. [¶] Furthermore . . . plaintiff was told that it would be fine with defendants to wait to settle plaintiff's claim until after defendant [*sic*] requested and received Dr. Sakurai's medical report. Plaintiff believed and relied upon those statements and conduct of defendants, and as a result did not consult with counsel or file a civil lawsuit within the statutory time. [¶] Furthermore . . . defendant BUDGET affirmatively engaged in promises and conduct to procure delay for the promises of settlement and investigation (i.e., to obtain medical reports on the plaintiff), upon which plaintiff relied and by which plaintiff was induced to delay filing a civil action until after the statute of limitations expired."

Budget, in asserting that its alleged conduct is not sufficient to estop it from asserting the statute of limitations relies exclusively on *Kunstman* v.

*Mirizzi, supra,* 234 Cal.App.2d 753. In *Kunstman,* the plaintiff was injured on September 26, 1962. In November 1962, and several times thereafter, the defendant's insurer indicated that liability was clear and that it would settle with plaintiff, if she provided her medical reports. Plaintiff replied that her condition had not yet "bottomed out" and that medical reports would be furnished when it did. In October 1963, the insurer denied liability and informed plaintiff that it relied on the statute of limitations in doing so. Plaintiff alleged "that this conduct lulled her attorney into a sense of security which caused him to defer the filing of a complaint in the belief that the cause of action would be settled and she was thus induced to withhold such filing within the period of the proper statute of limitations, and that the defendants were estopped by this conduct from pleading the statute of limitations." (*Id.,* at p. 755.)

The trial court sustained the insurer's demurrer based upon the statute of limitations. The appellate court affirmed, holding that plaintiff failed to allege any misrepresentation, or promises on the part of the insurer sufficient in law to support plaintiff's claim that she was induced to delay, the filing of her complaint in reliance thereof. (*Kunstman* v. *Mirizzi, supra,* 234 Cal.App.2d at p. 758.)

In contrast to *Kunstman,* in the case at bench plaintiff alleges that Budget was the protagonist for the delay in the settlement discussions in order to conduct an investigation and that in reliance on this conduct plaintiff "was induced to delay filing a civil action until after the statute of limitations expired." ██ As the court in *Blake* v. *Wernette* (1976) 57 Cal.App.3d 656, 660 [129 Cal.Rptr. 426] explained: "When a plaintiff relies on an estoppel against the assertion of the statute of limitations, the sufficiency of the allegations of estoppel may be tested by a general demurrer. [Citations.] Once it is determined that the elements of an estoppel have been sufficiently pleaded, however, the question whether the statute of limitations is tolled by the conduct of the defendant is one of fact which should be left for resolution by a jury and not determined upon general demurrer."

██ In the first cause of action of his second amended complaint, plaintiff sufficiently alleges the estoppel of Budget to plead the statute of limitations. (See *Benner* v. *Industrial Acc. Com., supra,* 26 Cal.2d 346, 350.) The determination of whether the evidence provided to support those allegations will be sufficient to toll the statute of limitations is a question to be determined by the trier of fact. Accordingly, the trial court erred in sustaining the general demurrer to plaintiff's first cause of action grounded on the statute of limitations.

██ Plaintiff's alternative allegation in his first cause of action that the statute of limitations should be tolled because Budget "intentionally con-

cealed from plaintiff that he must file a lawsuit within one year of his injury . . ." is without merit. Plaintiff provides no discussion as to why Budget had a duty to disclose. Such a duty arises only in specified situations. (Civ. Code, § 1710; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 459-464, pp. 2724-2727.) Plaintiff fails to factually allege any of these.

■ Since plaintiff's estoppel allegations in the first cause of action were, when coupled with the other allegations therein, sufficient to state a cause of action it follows that the general demurrer to that cause of action was incorrectly sustained. ■ We note, however, that plaintiff's allegation in that first cause of action contained insufficient facts to state a cause of action based upon defendant's supposed duty to disclose the statute of limitations.[1]

## II

■ Plaintiff next contends that "his second cause of action properly pleads a cause of action for intentional misrepresentation." In that cause of action, plaintiff alleges that Budget intentionally misrepresented to plaintiff that it would offer him a reasonable settlement which would fully compensate him for the bodily injuries he sustained. Plaintiff further alleges that these representations were false and that Budget "intended to delay making even their unreasonably low settlement offer until after that statute of limitations had run so that plaintiff would be forced to accept the unreasonably low settlement offer."

Budget interposed a general demurrer to this cause of action which the trial court sustained without leave to amend. Budget urges that their conduct described in these allegations was proper and legal. That contention is without merit.

■ In *Regus* v. *Schartkoff* (1957) 156 Cal.App.2d 382 [319 P.2d 721], the plaintiff was injured when she was bitten by a neighbor's dog. In count III of her complaint, she alleged fraud on the part of the dog owner's insurance company. She alleged that the insurer made representations that it would settle the dispute without intending to do so, thereby inducing plaintiff to refrain from consulting an attorney or filing a suit until after the expiration of the applicable statute of limitations, at which time the insurer offered to settle the dispute for plaintiff's medical expenses only.

---

[1]This discussion is equally applicable to the allegations of failure to disclose contained in plaintiff's second cause of action for intentional misrepresentation, and his third cause of action for negligent misrepresentation.

The *Regus* court explained that "[t]he facts essential to the statement of a cause of action in fraud or deceit based on a promise made without any intention of performing it are: (1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent at the time of making the promise; (3) the promise was made with intent to deceive or with intent to induce the party to whom it was made to enter into the transaction; (4) the promise was relied on by the party to whom it was made; (5) the party making the promise did not perform; (6) the party to whom the promise was made was injured." (*Regus v. Schartkoff, supra,* 156 Cal.App.2d at p. 389.)

The court determined that the above described allegations were sufficient to state a cause of action for fraud or deceit. (See also *Cockrill v. Hall* (1884) 65 Cal. 326 [4 P. 33]; Annot., Fraud—Inducing Limitations Bar of Suit (1970) 33 A.L.R.3d 1077.) ▮▮▮ The allegations in the second cause of action of plaintiff's complaint which are substantially identical to those in *Regus,* also sufficiently plead such a cause of action. The trial court accordingly erred in sustaining without leave to amend Budget's general demurrer to plaintiff's second cause of action.

### III

▮▮▮ Plaintiff next contends that "the third cause of action properly states a cause of action for negligent misrepresentation." In that cause of action plaintiff alleges that Budget misrepresented that it would offer a reasonable settlement with no reasonable grounds for believing that representation to be true. Budget interposed a general demurrer to this cause of action which the trial court sustained without leave to amend. Budget urges that the allegations of plaintiff's complaint reveal no wrongful conduct on their part.

▮▮▮ "Where a defendant makes false statements, honestly believing them to be true, but without reasonable grounds for such belief, he may be held liable for negligent misrepresentation, a form of deceit." (*Roberts v. Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104, 111 [128 Cal.Rptr. 901].)

▮▮▮ The factual allegations of plaintiff's second cause of action sufficiently plead these requisite elements of negligent misrepresentation. The trial court, accordingly, erred in sustaining without leave to amend Budget's general demurrer interposed to that cause of action.

### IV

▮▮▮ Plaintiff next contends "the fourth cause of action for breach of Insurance Code section 790.03 properly states a cause of action against

respondent Budget." In that cause of action, plaintiff alleges that Budget was engaged in the business of insurance by entering into contracts of "'personal accident insurance' with thousands of persons per year who rent Defendant, BUDGET RENT-A-CAR's vehicles, including the driver of defendant's car herein."

Plaintiff further alleges that Budget violated Insurance Code section 790.03 by: "1) misrepresenting to claimants pertinent facts or insurance policy provisions relating to coverages at issue; 2) failing to acknowledge and act reasonably promptly upon communications with respects to claims arising under insurance policies; 3) failing to adopt and implement reasonable standards for the prompt investigations and processing of claims arising under insurance policies; 4) failing to affirm or deny coverage of claim within a reasonable time after proof of loss requirements have been completed and submitted by the insured; 5) not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability had become reasonably clear; 6) misleading a claimant as to the applicable statute of limitations."

Budget interposed a general demurrer to this cause of action which the trial court sustained without leave to amend. Without determining whether Budget is an insurer or "in the business of insurance" within the meaning of Insurance Code section 790.01 or whether its conduct violates the provisions of section 790.03, we hold that the trial court did not err in sustaining the demurrer to this cause of action. ■ "We . . . are not precluded from sustaining the demurrer on a ground not considered by the court below as long as it comes within the four corners of the demurrer, namely, a failure to state a cause of action." (*Collins* v. *Marvel Land Co.* (1970) 13 Cal.App.3d 34, 45 [91 Cal.Rptr. 291].)

■ Plaintiff seeks to assert a third party claim against Budget as an alleged insurer. Plaintiff is precluded from bringing an action against Budget for its alleged bad faith practices in its capacity as an insurer until the conclusion of the underlying action against the insured. (*Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880, 884 [153 Cal.Rptr. 842, 592 P.2d 329]; *Nationwide Ins. Co.* v. *Superior Court* (1982) 128 Cal.App.3d 711, 715 [180 Cal.Rptr. 464]; *Rodriguez* v. *Fireman's Fund Ins. Companies, Inc.* (1983) 142 Cal.App.3d 46, 54 [190 Cal.Rptr. 705].) Plaintiff's failure to allege such a conclusion prevents him from stating this cause of action.

## V

■ Plaintiff next contends that his "fifth cause of action for breach of the implied covenant of good faith and fair dealing is properly pled." In

this cause of action, plaintiff alleges that Budget breached the covenant of good faith and fair dealing implicit in the personal accident insurance policy Budget allegedly issued to Mr. Pennington. The facts upon which plaintiff bases this cause of action are substantially the same as those alleged in his fourth cause of action. Budget interposed a general demurrer to this cause of action which the trial court sustained without leave to amend.

Plaintiff's cause of action is premised upon the allegation that he is a third party beneficiary of the alleged liability insurance policy Budget issued to Mr. Pennington. He is, however, precluded from bringing an action on the policy unless he alleges the assignment by Pennington to him of Pennington's rights against Budget or until he establishes by judgment the liability of the insured. (See *Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937 [132 Cal.Rptr. 424, 553 P.2d 584]; *Zahn* v. *Canadian Indem. Co.* (1976) 57 Cal.App.3d 509, 513 [129 Cal.Rptr. 286]; Ins. Code, § 11580, subd. (b)(2).) Plaintiff pleaded neither of these requisite elements. Accordingly, the trial court did not err in sustaining the demurrer to this cause of action.

## VI

 Plaintiff finally contends that his "sixth cause of action is properly pled." That cause of action is for intentional infliction of emotional distress. In its entirety, plaintiff alleges: "Plaintiff realleges and repleads each and every paragraph of the First, Second, Fourth and Fifth Causes of Action as if set forth in full. [¶] Said acts of defendants complained of herein were done intentionally and were outrageous and caused plaintiff to suffer great emotional distress." Budget interposed a general demurrer to this cause of action which the trial court sustained without leave to amend.

 "The elements of a prima facie case for the tort of intentional infliction of emotional distress were summarized in *Cervantez* v. *J. C. Penny Co.* (1979) 24 Cal.3d 579, 593 [156 Cal.Rptr. 198, 595 P.2d 975], as follows: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. [Citations.] . . . . [Citations.] Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. (*Alcorn* v. *Anbro Engineering, Inc., supra,* 2 Cal.3d at p. 499, fn. 5 [86 Cal.Rptr. 88, 468 P.2d 216]; *Fuentes* v. *Perez* (1977) 66 Cal.App.3d 163, 170 [136 Cal.Rptr. 275]; Rest.2d Torts, § 46, com. d.)'" (*Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 209 [185 Cal.Rptr. 252, 649 P.2d 894].)

In *Davidson,* the plaintiff was stabbed in a laundromat which was under surveillance by police officers of defendant city. The officers had recognized plaintiff's assailant as a suspect in prior stabbings but they failed to warn plaintiff of the danger.

Plaintiff sued defendant city for intentional infliction of emotional distress. The trial court sustained without leave to amend the city's demurrer to that cause of action. In affirming the trial court, the Supreme Court held that plaintiff failed to state a cause of action because she did not plead that defendant's conduct was done for the purpose of causing her emotional distress and because the officer's conduct as a matter of law "did not rise to the level of outrageous conduct 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.' (*Cervantez, supra,* 24 Cal.3d at p. 593.)" (*Davidson* v. *City of Westminster, supra,* 32 Cal.3d at p. 210.)

 While the facts pleaded in the case at bench may be sufficient to permit recovery of damages for the emotional distress resulting from Budget's otherwise alleged tortious conduct, they are insufficient for plaintiff to state an independent cause of action for intentional infliction of emotional distress. As in *Davidson,* plaintiff did not allege that Budget's actions were taken for the purpose of causing plaintiff emotional distress. Nor did the alleged conduct of Budget rise to the level of outrageous conduct so as to exceed all bounds of that usually tolerated in a civilized society. (Cf. *Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 498-499 [86 Cal.Rptr. 88, 468 P.2d 216]; Rest.2d Torts, § 46.)

The order (judgment) of dismissal is reversed insofar as it is based upon the sustaining of demurrers to the causes of action for negligence, intentional misrepresentation, and negligent misrepresentation. In all other respects the order (judgment) of dismissal is affirmed.

Each party to bear their own costs.

Woods, P. J., and Kingsley, J., concurred.