**Neal GOLDEN, Plaintiff-Appellant,**

v.

**Elwood L. FAUST and Dorothy Faust, Defendants-Appellees.**

**No. 84–6069.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 1985.

Decided July 23, 1985.

Joanne M. Brown, Joseph D. Joiner and Eric D. Berkowitz, Patton, Watson, Joiner & Brown, San Francisco, Cal., for plaintiff-appellant.

Jonathan G. Maile, Tharpe & Howell, Los Angeles, Cal., for defendants-appellees.

Before BROWNING and NORRIS, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

Neal Golden appeals from a summary judgment in favor of the Fausts. The court held that the action was time barred. We reverse.

## FACTS

On December 23, 1982, Neal Golden (Golden), a New Mexico resident, was in his automobile with his wife and son on the side of the road on S.R. 58 near Tehachapi Pass when a car driven by Elwood Faust, a California resident, struck and destroyed the Goldens' automobile and injured all of the occupants.

The Golden family filed an insurance claim against the Fausts for personal injuries and automobile damage. National General Insurance Company (insurance company), Fausts' insurance carrier, entered into settlement negotiations with Golden's attorney in New Mexico. The only issue was the amount of settlement for each claimant. The insurance company never contested liability.

During October, 1983, the claims adjuster, in response to a letter from Golden's attorney in which he sought the policy limits, telephoned him and requested that he not file an action for damages for all three claims because the policy limits were sufficient to cover all the claims. On December 22, 1983, one day before the expiration of the California one-year statute of limitations, the insurance company settled the claim of Golden's son. On that day, the insurance adjuster told the Goldens' attorney that "we'll settle the other two right after the first of the year." Yet, when Goldens' attorney called the insurance company on January 4, 1984, he was asked if the Goldens had filed an action. When he answered "no," the insurance representative told him that she would not discuss the other claims because the statute of limitations had run. The Goldens immediately filed this action against the Fausts for personal injuries and property damage.

On March 7, 1984, the insurance company settled the claim of Golden's wife even though the statute of limitations had run more than two months earlier. The insurance company refused to settle the claim of Golden whose injuries were much more severe and who, in addition, had a claim for property damage.

Golden alleges in his complaint that the defendant's insurance carrier, through the conduct and statements of its adjuster, induced him to delay filing his lawsuit, and as a result, the insurance company is estopped from asserting the statute of limitations. Golden specifically alleges that 1) the claims adjuster never denied the defendant's liability, and the only issue was the amount of damages; 2) the adjuster asked Golden's attorney to not file a lawsuit because the policy limits were more than adequate to cover all three injuries (Golden, his wife and his son); and 3) the adjuster on December 22, 1983, after settling the son's claim, told Golden's attorney "let's settle the other two right after the first of the year." The statute of limitations ran on December 23, 1983.

The district court entered summary judgment in favor of the Fausts based on the statute of limitations defense. Golden, in his appeal, contends that defendants are estopped from asserting a statute of limitations defense because of the fraud of their insurance carrier.

## DISCUSSION

■ A de novo review is the appropriate standard for a summary judgment. *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983).

Golden asserts that he refrained from filing an action because of his reliance on the claims adjuster's representations. He contends that defendants are estopped

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

from asserting the statute of limitations because of their representations.

In *Kunstman v. Mirizzi*, 234 Cal.App.2d 753, 44 Cal.Rptr. 707, 709 (1965), the case upon which the Fausts rely, the California court found the primary issue was whether the complaint alleged "sufficient facts to estop defendants from relying on the statute of limitations to bar the action by means of a demurrer." 44 Cal.Rptr. at 709. In that case, the court granted defendant's demurrer because the plaintiff failed to allege facts in the complaint showing that the insurance company made representations amounting to fraud or constructive fraud. *Id.* at 710.

In *Muraoka v. Budget Rent-A-Car*, 160 Cal.App.3d 107, 206 Cal.Rptr. 476 (1984), the court distinguished *Kunstman* and pointed out that in *Muraoka* the plaintiff alleged that she did not consult with counsel or file a lawsuit within the statutory time because she relied on Budget's conduct.

The trial court allowed the case to go to trial on the limitations issue, holding that "[i]n contrast to *Kuntsman*, in the case at bench plaintiff alleges that Budget was the protagonist for the delay in the settlement discussions in order to conduct an investigation and that in reliance on this conduct plaintiff 'was induced to delay filing a civil action until after the statute of limitations expired.'"

Before estoppel can toll the statute of limitations, certain conditions must be met: 1) the party to be estopped must be apprised of the facts; 2) the other party must be ignorant of the true state of facts, and the party to be estopped must have acted so that the other party had a right to believe that the party intended its conduct to be acted upon; and 3) the other party relied on the conduct to its prejudice. *Muraoka*, 206 Cal.Rptr. at 480. Golden alleges that he met these conditions. He relied on the adjuster's representations that she would settle the remaining claims after the first of the year, which was after the statute of limitations had run. Once it is determined that elements of estoppel have been

sufficiently pleaded, the question of whether the statute of limitations is tolled by conduct of defendant is one of fact which should be left for resolution by the trier of fact. *Muraoka*, 206 Cal.Rptr. at 481.

The law encourages settlements to quiet litigation. *Williams v. First National Bank*, 216 U.S. 582, 595, 30 S.Ct. 441, 445, 54 L.Ed. 625 (1910); *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir.1977). Although Golden's complaint is not a model of good pleading, the allegations are sufficient to allege estoppel and permit Golden to try that issue before a jury. *Muraoka*, 206 Cal.Rptr. at 480.

REVERSED and REMANDED.

NORRIS, Circuit Judge, dissenting:

I dissent because I cannot distinguish this case from *Kuntsman v. Mirizzi*, 234 Cal.App.2d 753, 44 Cal.Rptr. 707 (Cal.Ct. App.1965) in any meaningful way. In *Kuntsman*, an attorney had represented the plaintiff in settlement negotiations with an insurance company. The plantiff alleged in her complaint that she was injured in an automobile accident, that she engaged an attorney, that the attorney entered settlement negotiations with the insurance adjuster, that the insurance adjuster told the attorney that liability was clear and it was only a question of how much, that the attorney advised the adjuster of difficulty he was having obtaining a medical report, that the adjuster reaffirmed his principal's decision that "this 'is a case that we will settle' as soon as the medical information is available," 234 Cal.App.2d at 755, 44 Cal.Rptr. at 708, and that the adjuster's conduct "lulled her attorney into a sense of security which caused him to defer the filing of a complaint in the belief that the cause of action would be settled," *Id.* at 755, 44 Cal.Rptr. at 709.

The court of appeal held in *Kuntsman* that the complaint failed to state a cause of action for estoppel of the insurance company to rely on the statute of limitations. The court reasoned that for the doctrine of equitable estoppel to apply, the defendant

must have wrongfully obtained an advantage, *id.* at 756, 44 Cal.Rptr. at 709, and that the law does not favor estoppels, especially where the party attempting to raise the estoppel in represented by an attorney, *id.* at 757, 44 Cal.Rptr. at 710. The *Kuntsman* court concluded,

> "She [Kuntsman] was being protected by an attorney, who is charged with knowledge of the law.... To permit one who has knowledge of the law to attempt to negotiate a settlement and subsequently plead estoppel would not only destroy the effect of the legislative statutes of limitation but would seriously impair the climate and effectiveness of the present method of encouraging settlement without litigation."

*Id.* at 758, 44 Cal.Rptr. at 710. Thus, the thrust of the court's reasoning is that if a plaintiff is represented by an attorney, the plaintiff cannot estop an insurance company from raising a statute of limitations defense, absent fraud or a fiduciary relationship.

In our case, as in *Kunstman,* the plaintiff's attorney talked about a settlement with the insurance company.[1] Also, as in *Kunstman,* plaintiff alleged an agreement that liability was clear, leaving only the question of how much. As long as there was no agreement on amount, however, the parties had nothing but an agreement to agree, which, as every first year law student knows, is no agreement at all. *Kunstman* makes it clear that under California law, an attorney may not ignore the statute of limitations on the hope that a settlement will be reached with the insurance company at a later time.

The majority cites *Muraoka v. Budget Rent-A-Car,* 160 Cal.App.3d 107, 206 Cal. Rptr. 476 (Cal.Ct.App.1984), as authority for its position. In my view, *Muraoka* is distinguishable from the case at bar because the plaintiff seeking estoppel there was not represented by an attorney. *Id.* at

116, 206 Cal.Rptr. at 480. In that case the court held that the defendant could be estopped because it was the protagonist for the delay. *Id.* at 117, 206 Cal.Rptr. at 481. I think that the controlling case is *Kunstman,* not *Muraoka,* because *Kunstman,* like this case, involved an attorney.

I respectfully dissent.

---

**1.** Here, as in *Kunstman,* the plaintiff retained an attorney from a different state. As the court held in *Kunstman,* an attorney "is charged with knowledge of the law in California as far as the

statute of limitations is concerned even though he may practice in other states...." *Id.* at 758, 44 Cal.Rptr. at 710.