956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emma TAKEMOTO, Plaintiff-Appellant
v.
RICHMOND ASSOCIATES, dba Hilltop Shopping Center; Taubman
Co., Inc., Defendants-Appellees
 No. 91-15044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1992.
Decided Feb. 26, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges:
 
 
 
 *
 MEMORANDUM
 
 
 FACTS
 
 1
 Emma Takemoto ("Takemoto") slipped and fell in the Hilltop Shopping Center in Richmond, California on February 18, 1989. As a result of the fall, Takemoto sustained injuries to her rotator cuff, wrist and right forearm. Negotiations began between Takemoto and Richmond Associates ("Richmond"), during which Takemoto was represented by counsel. Richmond's claims adjusters sought further medical information, which they stated was needed to evaluate the claim for settlement. A partial payment of $400.93 was made by the insurer to Takemoto and her attorney on February 13, 1990, at which time the insurer indicated a willingness to settle the entire claim without litigation. When the insurer failed to respond to Takemoto's settlement proposal, she filed suit.
 
 
 2
 Takemoto filed a complaint in the United States District Court in Hawaii on April 3, 1990, where a two-year statute of limitations applies. That action was dismissed without prejudice on August 9, 1990 when jurisdiction over one of the defendants could not be obtained. Almost simultaneously with the filing of the first action, the present action was filed in the Northern District of California on May 23, 1990, where a one-year statute of limitations applies. Richmond filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court applied California Insurance Code § 11583 which states, in relevant part:
 
 
 3
 Any person, including any insurer, who makes such an advance or partial payment, shall at the time of beginning payment, notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring against such person.... Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given. That notification shall not be required if the recipient is represented by an attorney. (emphasis added).
 
 
 4
 The district court found that the statute of limitations was not tolled because Takemoto was represented by counsel and therefore granted the motion to dismiss.[1] Takemoto's attorneys argued that they relied on the adjusters' representations and thus believed that the case would be settled without litigation. The district court dismissed this argument and held that Takemoto could not raise an equitable estoppel argument based on the negotiations with Richmond to get around the statute of limitations.
 
 
 5
 Takemoto filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). The motion was denied. Takemoto appeals these rulings to this panel. Because we find, as a matter of law, that Takemoto was not foreclosed from advancing an argument based on equitable estoppel, we reverse the lower court's ruling and remand to permit the district court to determine whether equitable estoppel in fact existed.
 
 DISCUSSION
 A. Standard of Review
 
 6
 A complaint will be dismissed for failure to state a claim if " 'it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Love v. United States, 871 F.2d 1488, 1491 (9th Cir.1989). The standard of review applicable for dismissal of an action is de novo. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1184, 1187 (9th Cir.1989).
 
 B. Analysis[2]
 
 7
 No California court has explicitly considered whether an equitable estoppel claim is available under current law. California Insurance Code § 11583 was amended in 1985 to state that "notification shall not be required if the recipient is represented by an attorney." There have been no California state or federal decisions discussing the relationship between this amendment and estoppel claims. Prior to the amendment, California courts based their analysis of estoppel claims on common law.
 
 
 8
 Richmond suggests that the amended version of California Insurance Code § 11583 precludes the application of estoppel in this case. We find this argument without merit. The section does not directly address estoppel, and no case law holds that it implicitly preempts prior law. Therefore, we follow the existing California common law in this case and reverse and remand for factual determination on the issue of estoppel. See Pagdilao v. Maui Intercontinental Hotel, 703 F.Supp. 863, 867 (D.Haw.1988) (federal court applying state law is "not free to engraft upon these state decisions, exceptions or modifications which have not been adopted by the state court.").
 
 
 9
 In arguing that common law precludes estoppel when plaintiffs are represented by counsel in disputes with insurance companies, defendants rely on Romero v. County of Santa Clara, 3 Cal.App.3d 700, 705 (1970). In that case, the court stated that "[w]here one has been represented by an attorney in connection with a claim the necessary elements for estoppel are not established as a matter of law." However, in so asserting, the appellate court cites to a California Supreme Court opinion, Tubbs v. Southern California Rapid Transit District, 63 Cal.Rptr. 377 (1967), which does not support that proposition. In Tubbs, the court found that plaintiff's complaint failed to allege misrepresentation or promises by defendant on which plaintiff relied. Id. at 382. The court further noted that plaintiff was represented by counsel. Id. Both factors were considered in upholding the dismissal of plaintiff's complaint. The court did not specifically hold that representation precludes estoppel claims. The only subsequent case which cites to Romero in reference to this holding is Republic Insurance, Co. v. Great Pacific Insurance, 231 Cal.App.3d 871, 878 (1989), which was ordered depublished by the California Supreme Court on January 4, 1990.
 
 
 10
 Other cases indicate that the existence of counsel is not dispositive of the question whether plaintiffs may bring equitable estoppel claims. In Kuntsman v. Mirizzi, 234 Cal.App.2d 753 (1965), the court affirmed a dismissal of plaintiff's personal injury action as barred by the statute of limitations. The court took particular notice of the fact that the plaintiff had representation. However, it also noted in its holding that, "[t]he complaint fails to allege any misrepresentations or promises on the part of the adjuster sufficient in law to support plaintiff's claim that she was induced to delay the filing of her complaint in reliance thereon." Id. This suggests that, had there been such misrepresentations, the presence of an attorney would not necessarily have prevented the application of estoppel.
 
 
 11
 In Muraoka v. Budget Rent-A-Car, Inc., 160 Cal.App.3d 107 (1984), the court reversed a portion of a dismissal that was based on a lapsed statute of limitations. Relying on Kuntsman, the court stated that, "[w]here a complaint shows upon its face that the statute of limitations has run, the plaintiff may anticipate the defense of limitation of action and allege facts to establish an estoppel." Id. at 115. Muraoka was not represented by counsel. The court distinguished the holding in Kuntsman by stating that in Muraoka the defendant was alleged to have been the "protagonist for the delay" in settlement. Id. at 117. The court finally stated that whether the evidence provided to support those allegations was sufficient to toll the statute of limitations was to be determined by the trier of fact. The court remanded for such determination.
 
 
 12
 Finally, the foregoing cases were discussed in Golden v. Faust, 766 F.2d 1339 (9th Cir.1985) (applying California law). There, plaintiff was represented by counsel in his personal injury action and claimed estoppel due to the insurance adjuster's statements allegedly inducing him to forego the statute of limitations. After comparing Kuntsman and Muraoka, the court found Muraoka controlling. Golden found sufficient allegations to allege estoppel and thus reversed and remanded the case for factual determination on the issue.
 
 
 13
 In this case, there is no dispute that Takemoto was represented by counsel. According to California case law and Ninth Circuit precedent, although representation is a significant factor in pleading estoppel, it is by no means the only consideration. Takemoto alleges certain promises and representations by Richmond and others which induced her and her counsel to forego the statute of limitations and attempt settlement. Based on these facts and the aforementioned cases we reverse and remand the case for a factual determination of whether estoppel existed.
 
 CONCLUSION
 
 14
 For the foregoing reasons, we reverse the district court's dismissal of Takemoto's claim and remand for a factual determination on the issue of estoppel.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Also in support of the foregoing proposition, the district court cited Republic Insurance Co. v. Great Pacific Insurance Co., 231 Cal.App.3d 871, 878 (1989), which was ordered depublished by the California Supreme Court on January 4, 1990
 
 
 [2]
 As an initial matter, we note that the parties have argued whether the district court converted the motion to dismiss into one for summary judgment by looking outside the pleadings. Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). Because we find, as a matter of law, that the district court erred in dismissing the complaint, we need not address this argument