**Corrine COATES; William Coates,
Plaintiffs—Appellants,**

v.

**ATLAS VAN LINES, INC.,
Defendant—Appellee.**

**No. 00–16463.**

**D.C. No. CV–99–01504–JBR/RLH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2001.*

Decided Dec. 19, 2001.

Before KOZINSKI, RYMER, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Considering the totality of Atlas' conduct, we agree with the district court that the contractual limitations period began on

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

July 2, 1997. *See Cordingley v. Allied Van Lines, Inc.*, 563 F.2d 960, 963–64 (9th Cir.1977). The September, 1999 complaint was therefore untimely.

We reject appellants' argument that Atlas is estopped from arguing that the limitations period has expired. Appellants were aware of the contractual limitations period, and therefore could not have been misled by a layperson's silence on the issue. *See Golden v. Faust,* 766 F.2d 1339 (9th Cir.1985).

We also reject appellants' argument that Atlas waived the contractual limitations period by failing to comply with the terms of its own tariff. Section 19(h) applies to the loss of an entire package or an entire shipment, and therefore does not apply here.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the