

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00385-CR

---

LAVELL EDWARD GRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 371st District Court
Tarrant County, Texas[1]
Trial Court No. 1775483, Honorable Ryan Hill, Presiding

July 30, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Lavell Edward Gray, challenges the trial court's revocation of his deferred adjudication community supervision and subsequent conviction for two counts of aggravated assault with a deadly weapon. The trial court sentenced Appellant to two concurrent fifteen-year prison terms. We affirm the judgment.

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

## BACKGROUND

A July 2023 indictment charged Appellant with two counts of aggravated assault with a deadly weapon—specifically, a firearm. On January 11, 2024, Appellant judicially confessed to all facts alleged in the indictment and pleaded guilty to both counts. The trial court deferred adjudication of guilt and placed Appellant on community supervision.

The supervision conditions included, among other things, "no harmful or injurious contact with injured party," "no contact with injured party," "no alcohol," and mandatory participation in a Batterer's Intervention and Prevention program. A February 2024 supplemental order added specific prohibitions against contacting Krystal Brown or Tyler Minton "in any manner (directly or indirectly) unless permitted by CSCD or the Court."

In August 2024, the State filed a First Amended Petition to Proceed to Adjudication, alleging nine violations of Appellant's terms of community supervision. Paragraphs 1 through 5 alleged a new assault offense against Krystal Brown. Paragraphs 6 and 7 alleged harmful contact, and contact generally, with Brown and Minton. Paragraph 8 alleged alcohol consumption, and Paragraph 9 alleged failure to complete the batterer's intervention program.

At the September 10, 2024 revocation hearing, the State presented undisputed evidence that Appellant consumed alcohol and failed to enroll in the batterer's intervention program. After hearing the evidence, the court stated: "I'm going to find, 3 being waived, 1, 2, and 4 through 9 in both counts are, in fact, true. Mr. Gray, I'm going to revoke your probation."

**ANALYSIS**

First and Second Issues

In his first two issues, Appellant challenges the trial court's findings on some alleged violations but not others. He contests the findings in paragraphs 1, 4, 5, and 7 of the State's motion while leaving unchallenged the findings in paragraphs 8 and 9.

We review a trial court's revocation order for abused discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement, is arbitrary or unreasonable, or ignores guiding rules or principles. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Chastain v. State*, No. 10-18-00152-CR, 2021 Tex. App. LEXIS 3226, at *11 (Tex. App.—Waco Apr. 28, 2021, pet. ref'd) (mem. op., not designated for publication).

The State need prove violations only by a preponderance of the evidence. *Hacker*, 389 S.W.3d at 864–65. This standard requires the State to prove that the greater weight of credible evidence creates a reasonable belief that the defendant violated supervision conditions. *Id*. A trial court may revoke supervision if the State establishes at least one violation. *Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013).

The State's motion alleged two violations which the trial court found true:

- **Paragraph 8 (Alcohol Use):** Appellant was ordered not to use, possess, or consume any alcoholic beverage. The State alleged Appellant consumed alcohol on or about April 15, 2024 in violation of this condition.

- **Paragraph 9 (Failure to Comply):** Appellant was ordered to attend, participate in and successfully complete Batterer's Intervention and

3

Prevention Program. The State alleged Defendant failed to enroll in the program as instructed by the Court or supervision officer on or about January 24, 2024, constituting a violation of this condition.

Appellant does not challenge these findings on appeal. Because a finding of only one violation of community supervision alleged by the State is sufficient to revoke community supervision, and because it is undisputed that Appellant violated these terms of his community supervision, we overrule Appellant's first and second issues.

Third Issue

Appellant next argues he was denied due process by the trial court's failure to provide a written statement of the evidence and reasons for revocation. He seeks abatement and remand with instructions for the trial court to prepare such a statement.

The record shows no timely request to the trial court for the relief Appellant now seeks. In *Morales v. State*,[2] the Second Court of Appeals explained the applicable precepts:

> It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object. Even due process rights can be waived by failure to object. To preserve a complaint for appellate review, the record must show that the appellant presented a timely request, objection, or motion to the trial court stating the specific grounds for the ruling desired. Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.

Whether by failing to object to the absence of a written statement or by not requesting one, Appellant forfeited his right to appellate review of this complaint. *See* TEX. R. APP.

---

[2] No. 02-24-00065-CR, 2025 Tex. App. LEXIS 2063, at *2–3 (Tex. App.—Fort Worth Mar. 27, 2025, pet. ref'd) (mem. op., not designated for publication) (cleaned up).

P. 33.1(a).  Moreover, Appellant had notice of the alleged violations, the relief sought, the supporting evidence, and the trial court's on-the-record findings that paragraphs 1, 2, 4, 5, 6, 7, 8, and 9 were true.  We fail to see how such notice violated Appellant's due process rights, nor does Appellant demonstrate any such violation.

We overrule Appellant's third issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.