[Civ. No. 8642. Fourth Dist., Div. Two. Feb. 1, 1968.]

GLYNN LOWAYNE SUMRALL, Plaintiff and Respondent, v. CITY OF CYPRESS et al., Defendants and Appellants.

─────────────

*Assigned by the Chairman of the Judicial Council.

566

Dennin & Poitevin and William W. Dennin for Defendants and Appellants.

John J. Zitney, Adams, Hunt & Martin and Vernon W. Hunt, Jr., for Plaintiff and Respondent.

McCABE, P. J.—The sole issue posed by this appeal is the question of whether the defendants were estopped to assert the applicable statute of limitations, Government Code, sections 945.6 and 950.6, in bar of plaintiff's cause of action. The trial court determined that the defendants were so estopped. We agree.

On January 24, 1964, the plaintiff while riding a motorcycle was struck and injured by a vehicle driven by one Harvey.

While lying on the street, plaintiff was again struck by a police unit of the City of Cypress, driven by the codefendant Harris then a police officer of that city, while that unit was proceeding to the scene of the initial accident. Plaintiff retained counsel on January 29, 1964, to represent him in an effort to recover for his injuries.

Thereafter, in February 1964, William D. Kennedy, an adjuster for Pacific Indemnity Group, the insurance carrier of the City of Cypress, first contacted plaintiff's attorney. Following this initial contact, a claim for plaintiff's injuries was timely filed with the defendant City of Cypress, pursuant to Government Code, section 900 et seq. On two or three occasions thereafter, Kennedy contacted Plaintiff's attorney to inquire as to plaintiff's medical status and to request a medical report and the establishment of settlement discussions. Such a meeting was held on June 16, 1964. Mr. Kennedy, plaintiff's attorney, and Mr. Beers, adjuster for the insurance carrier of the Harveys, were in attendance. Beers and Kennedy had been and were unable to agree as to the prorata share of liability to be borne by each of their respective companies. Both indicated they were willing to settle the claim if some' agreement could be reached on this issue. Plaintiff's attorney made no liquidated settlement demand on that occasion because plaintiff's medical condition was then static. At that meeting, however, both Beers and Kennedy expressed a desire to settle the matter.

On August 4, 1964, plaintiff's attorney forwarded to Mr. Kennedy a medical report which indicated a final medical evaluation would be delayed for a period of from three to six months. In the letter which accompanied this report, plaintiff's attorney indicated he intended to file suit immediately. Later in August 1964, a Mr. Goodnow of Pacific Indemnity contacted plaintiff's attorney and requested that he "hold off" on the filing of the action since there was a possibility that a final medical evaluation could be obtained within three to six months. Plaintiff's attorney agreed to do so.

In discussing the withholding of the filing of the action, the representative of the insurance company for the defendant City of Cypress stated there was no question of liability, and when a final medical evaluation was received there was a good chance of settling the case.

Under the applicable statute of limitations as to defendant City of Cypress, the last day to file the action would have been November 18, 1964.

When received by plaintiff's counsel, on January 14, 1965, the medical report was mailed to Pacific Indemnity Company. After mailing the report, plaintiff's counsel telephoned Pacific Indemnity and was referred to a Mr. Miller. There were several conversations between Mr. Miller and plaintiff's counsel due to the former's unfamiliarity with the file. Finally, Mr. Miller informed plaintiff's attorney that his company had taken the position the Government Code sections barred further action by plaintiff. Although it is not clear from the transcript before us, apparently Mr. Miller referred only to the claim against the defendant City of Cypress.

Thereafter and on January 22, 1965, a complaint was filed naming as defendants: City of Cypress, William Harris, Jr., individually, and as a police officer of the City of Cypress, Kenneth Harvey, Jr., Kenneth Harvey, Sr. and Estelle Harvey. Later and after demurrers filed by defendant City of Cypress had been sustained to the complaint, a second amended complaint alleged sufficient facts to raise the issue of estoppel.

The parties involved on this appeal entered into a written stipulation that the trial of the case should be bifurcated, consisting of a court trial on the special defense as to governmental immunity, statute of limitations on governmental claims and estoppel, and a jury trial on the substance and merits of the liability, injury and damage claim.

Following a hearing by the court, proposed findings were submitted to the court to which findings the defendants filed objections and requests for special findings. A hearing was held on these objections, at the conclusion of which the court signed the originally submitted findings whereby the court found and concluded defendants City of Cypress and William B. Harris, Jr., were estopped from asserting the limitations of sections 945.6, 950.2 and 950.6, Government Code. Thereafter a jury trial on the merits of the cause resulted in a verdict in plaintiff's favor against defendant City of Cypress and William B. Harris, Jr. Judgment was entered accordingly with a stipulated reduction as to the amount. The reason for the reduced amount is not apparent from the record before us. This appeal follows from that judgment and concerns only the trial court's determination that defendants were estopped to assert the applicable statute of limitations.

Equitable estoppel, as distinguished from a claimed waiver, is premised upon the fundamental principle that conduct on the part of one party has induced another party to

take such a position that he will be injured if the first party is permitted to repudiate his acts. (*Bastanchury* v. *Times-Mirror Co.*, 68 Cal.App.2d 217, 240 [156 P.2d 488]; *Morgan* v. *International Aviation Underwriters, Inc.*, 250 Cal.App.2d 176, 180 [58 Cal.Rptr. 164].)

▮ Before an estoppel to assert an applicable statute of limitations may be said to exist, certain conditions must be present: "[T]he party to be estopped must be apprised of the facts; the other party must be ignorant of the true state of facts; the party to be estopped must have intended that its conduct be acted upon, or so act that the other party had a right to believe that it was so intended; and the other party must rely on the conduct to its prejudice." (*California Cigarette Concessions, Inc.* v. *City of Los Angeles*, 53 Cal.2d 865, 869 [3 Cal.Rptr. 675, 350 P.2d 715]; citing *Safway Steel Products, Inc.* v. *Lefever*, 117 Cal.App.2d 489, 491 [256 P.2d 32].)

The findings of the trial court, based upon uncontradicted evidence, were that (1) plaintiff's attorney intended to file the complaint before November 18, 1964; (2) defendants through their representatives requested plaintiff's attorney not to file the complaint until the final medical report was received to permit the representatives to settle the action without the expenses and publicity of litigation; (3) defendants knew the medical report would not be available until late December 1964 or early January 1965; (4) the medical report was received in late December and transmitted to defendants' representatives in early January 1965; (5) plaintiff's attorney relied upon the request and on the defendants' representatives' good faith in being willing to attempt to settle the case at such time as the final medical opinion was received; (6) the complaint would have been filed before November 18, 1964, had plaintiff's attorney not relied upon and agreed to the request of defendants' representatives; (7) such requests and conduct induced the failure to file the complaint before November 18, 1964. From these findings the trial court concluded sections 945.6, 950.2 and 950.6, Government Code, were applicable to the case as to defendants City of Cypress and William Burk Harris, Jr., and the defendants were estopped to assert the failure of plaintiff to file his action within the statutory period.

The opinion in *Lagomarsino* v. *San Jose etc. Title Ins. Co.*, 178 Cal.App.2d 455 [3 Cal.Rptr. 80], clearly sustains the conclusions of the trial court in the case at bench. ▮ The

court there stated at pp. 461-462: "The courts have recognized estoppels in circumstances comparable to these. Thus the District Court of Appeal in *Gaglione* v. *Coolidge* (1955) 134 Cal.App.2d 518 [286 P.2d 568], expressed the opinion: 'It is well settled that where delay in commencing an action is induced by the conduct of the defendant, he cannot avail himself of the defense of the statute. [Citations.] In *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 690 [252 P.2d 649], it is said that "Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made, may create an estoppel against pleading the statute. (Citations.) An insurer cannot hold out a hope of amicable adjustment of a claim and thus delay action against it, and then plead the delay caused by its own conduct as a defense to an action when brought." ' ... *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], applies an estoppel to an insurance situation, saying the statute may be suspended by 'fraudulent concealment by the defendant of the facts upon which a cause of action is based . . . or mistake as to the facts constituting the cause of action.

" '[E]quitable considerations . . . are applicable whether defendant violated a legal duty in failing to disclose its intention to set up this technical defense, or whether it is now merely seeking the aid of a court in sustaining a plea that would enable it to obtain an unconscionable advantage and enforce a forfeiture.' "

■ The fact a party is or is not represented by counsel is not dispositive of the issue of estoppel to assert the statute of limitation. In *Satterfield* v. *Garmire*, 65 Cal.2d 638 [56 Cal. Rptr. 102, 422 P.2d 990], the Supreme Court held an executor could "waive" the requirement of formal presentation of a timely claim against a decedent's estate by entering into lengthy negotiations with the claimant and his attorney. This decision was expanded to a party represented by counsel to raise estoppel to assert the statute of limitations in a tardy action for damages in *Morgan* v. *International Aviation Underwriters, Inc.*, *supra*, 250 Cal.App.2d 176, 188 the court holding: "To permit an insurance carrier to take advantage of the misleading statements and false promises of its agents made to an insured and his counsel in the course of extended settlement negotiations, offends our sense of equity and fair dealing . . . the conclusion is unavoidable that respondent should be estopped to assert the bar of the one-year policy limitation."

■ Defendants strongly urge that the testimony of plaintiff's attorney to the effect he thought the one-year limitation of section 17001, Vehicle Code, applied, requires a reversal of the decision. In essence, they urge plaintiff's counsel relied upon the Vehicle Code limitation rather than the limitation set forth in the Government Code sections above cited, thus there was no reliance upon the representations of defendants' representatives, and hence no estoppel to assert the statute of limitations.

The trial court found against this contention, specifically finding that had the request to delay filing of the action not been made and relied upon by plaintiff's attorney, plaintiff's attorney would have filed the action before November 18, 1964. This finding is supported by substantial evidence. It cannot be successfully argued that plaintiff's attorney was mistaken as to the applicable law which allowed the running of a statute of limitations for the trial court found he in good faith relied upon the request of defendants' respresentatives and, absent the request, would have filed before November 18, 1964. Thus, although plaintiff's counsel was mistaken as to the applicable law, he would have filed a complaint prior to November 18, 1964, and his good faith reliance upon the insurance carrier's request to delay, which request inherently timewise, would have necessitated a delay in filing beyond the November 18, 1964 date, permits him to raise an estoppel against the lapse of time caused by the insurance carrier's inequitable conduct. Defendants' representatives had been informed the final medical report would be available between three and six months from the August date the request was made. Since the insurance carrier of the defendants requested such a delay in the filing of the action, with full knowledge that the requested report would not be available for some three to six months, and plaintiff's counsel relied upon this request as evidenced by his failure to file a complaint in August after his announced intent to do so, the insurance carrier or a public entity, such as defendant City of Cypress, may not now repudiate their former acts to the injury of the plaintiff. (*Farrell* v. *County of Placer,* 23 Cal.2d 624, 627 [145 P.2d 570, 153 A.L.R. 323] ; *Harvey* v. *City of Holtville,* 252 Cal.App.2d 595, 598 [60 Cal.Rptr. 635].)

Judgment affirmed.

Kerrigan, J., and Gabbert, J. pro tem.,* concurred.

*Assigned by the Chairman of the Judicial Council.