21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DELTA ENERGY PROJECTS NOS. V-A & V-B, California Limited
Partnerships; Altawind Inc., a California
Corporation; Craig M. Hunt, Plaintiffs-Appellants,
v.
SEDGWICK JAMES OF CALIFORNIA, Corporation incorporated under
the laws of both the State of California and the
State of Illinois; Fred S. James of
Illinois, et al.,
Defendants-Appellees.
DELTA ENERGY PROJECTS NOS. III, IV and VI: Roan
Corporation; Requip, Inc.; Patrick J. Hodges,
Plaintiffs-Appellants,
v.
SEDGWICK JAMES OF CALIFORNIA, Fred S. James of Illinois,
Corportations incorporated under the laws of both
the State of California and the State of
Illinois, Defendants-Appellees.
 Nos. 92-16441, 92-16476.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1994.
Decided April 14, 1994.
 
 Before: GOODWIN, WIGGINS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Delta Energy Projects et al. ("Delta") appeal a summary judgment in favor of Appellees Sedgwick James of California, Inc. ("James") in Delta's damage action. We are asked to determine whether the district court erred (1) in holding that Delta's claims were barred by the applicable statutes of limitations, or (2) in granting summary judgment despite Delta's contention that a question of fact remained as to conduct tolling the statutes of limitations.
 
 
 3
 A summary judgment is reviewed de novo. Jones v. Union Pacific R.R., 968 F.2d 937 (9th Cir.1992). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Co. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992). The court must not weigh the evidence or determine the truth of the matter, but may determine only whether there is a genuine issue for trial. Id. at 747.
 
 I.
 
 4
 Delta argues that its claims against James "did not accrue, as a matter of law, until the Ninth Circuit affirmed the Central District's judgment in [ Renewable Energy Ventures, Inc., et al. v. Forrest, et al., 904 F.2d 41 (9th Cir.1990) ] (on June 4, 1990)." This assertion is simply wrong. As Delta concedes, a cause of action becomes ripe when the plaintiff has suffered actual injury and either knew or reasonably should have known of that injury. General Bedding Corp. v. Echevarria, 947 F.2d 1395 (9th Cir.1991). Delta unpersuasively argues that it did not suffer any actual injury until this court affirmed the REV decision, claiming that "[a] final judgment, determining that the Delta partnerships had no warranty coverage, was necessary before the Delta partnerships incurred a recoverable loss caused by James." Why a judgment becomes "final" only after it has been affirmed by an appellate court instead of after the judgment itself (why not upon affirmance, or denial of cert, by the Supreme Court?) is anyone's guess.[1]
 
 
 5
 Even setting aside the question of when a judgment becomes final, Delta's idea of when the injury occurred is wrong. The partnerships argue that "if the Central District found that coverage did exist, this action would have no basis." But it is the very fact that the coverage did not exist, rather than the court's subsequent determination of that fact, which injured Delta, and the statutes began to run when Delta knew or should have known of that injury. This court must consider when the harm did occur, and when Delta reasonably should have known about it. Fortunately, we need not determine the exact dates of these events, but must merely determine whether they took place early enough that the statute of limitations had run by the time the present action was filed.
 
 
 6
 Delta's fifth cause of action against James alleges breach of fiduciary duty, and Delta contends that this cause of action is subject to the four-year limitation period of Cal.Civ.Code Sec. 338(4). James counters, citing a variety of California state cases, that we should apply the three-year limitation of Cal.Civ.Code Sec. 338(4). But Delta has not made even a colorable claim that James was ever its fiduciary, and accordingly Delta has no basis for contending that a four-year statute applies.
 
 
 7
 Delta concedes that all of its remaining claims are governed by limitations of, at most, three years. Thus, we must decide only whether Delta had been damaged and reasonably should have known of such damage before June 5, 1987.
 
 
 8
 While the record contains no facts from which we could determine exactly when Delta was harmed, no such investigation is necessary. The record makes clear that Delta's harm occurred before June 5, 1987. The insurance policies were issued long before that date, and Delta should have been put on notice of the defects in the insurance policy by the Forrest letter of March, 1986. Delta claims that, due to differences the wording of their policies and policies which were sold later, they were confident that they did indeed have performance coverage. However, a reasonable person in Delta's position could hardly be confident in light of Forrest's letter, and thus would have been on notice that the anticipated coverage had not been written.
 
 
 9
 Delta's participation in the first REV trial and in pretrial discovery surely show that it had notice prior to June of 1987. Since that time, nothing of consequence has transpired between Delta on the one hand and James on the other, except for the current litigation. Although Delta argues that it had not been harmed before the Ninth Circuit's holding in REV v. Forrest, any actual harm long predated the court's decision. Because the litigation itself was not the cause of Delta's lack of insurance, the injury necessarily dates back before June 5, 1987.
 
 II.
 
 10
 We still must face Delta's contention that the limitations periods were equitably tolled. Delta makes two distinct arguments in support of its position: (1) that the "several remedies" rule tolled the limitations during the REV v. Forrest actions; and (2) that James' conduct results in an estoppel of its right to assert the limitation periods.
 
 A. THE SEVERAL REMEDIES RULE
 
 11
 California law tolls the limitations period where a plaintiff who possesses multiple legal remedies elects, reasonably and in good faith, to pursue one remedy designed to reduce the extent of her damages. Addison v. California, 21 Cal.3d 313, 317 (1978). "[A]pplication of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Id. at 319. Delta argues that its attempts to defend its interests in the REV actions should toll the limitations period for the present action.
 
 
 12
 The several remedies rule is intended to protect a "plaintiff [who] is aware of alternative remedies and [who] makes a conscious, rational and reasonable decision to pursue one remedy in order to eliminate the need to pursue the other." Garabedian v. Skochko, 232 Cal.App.3d 836, 844 (1991).
 
 
 13
 Delta contends that it was "not even aware of the factual basis of [its] claims against James until [it] began preparation for the second Central District REV v. Forrest trial in mid-1988." Blue at 27. Nevertheless, it argues that the rule should apply here because, if Delta had prevailed, it would not now have any claim against James.
 
 
 14
 Absent some wrongdoing by defendants which causes the delay, the several remedies rule does not protect parties who only belatedly become aware of their claims or of the identity of defendants. Garabedian, 232 Cal.App.3d at 840. Thus, even accepting Delta's claim that it was not aware of the alleged fraud, this argument is of no avail. Indeed, Delta's insistence that it was unaware of its claims against James negates the possibility that it made a "conscious ... decision" not to bring this claim during the earlier proceedings.
 
 
 15
 As we have seen, Delta reasonably should have been aware of the alleged facts, at the very latest, at the end of the first REV v. Forrest trial. Since Delta was at least on inquiry notice that James might have fraudulently failed to secure the insurance which had been promised, Delta should have known that an action against James might be necessary. Knowing that ESI might not have actually purchased performance insurance, Delta could not reasonably expect a declaratory judgment on the extent of this coverage to "eliminate the need to pursue" a fraud action against James.
 
 
 16
 "[A] plaintiff should not be barred by a statute of limitations unless the defendant would be unfairly prejudiced if the plaintiff were allowed to proceed." Collier v. City of Pasadena, 142 Cal.App.3d 917, 923 (1983). Here, the trial court found that "[i]t is unfair under these circumstances to require James to defend [against] stale claims arising out of events almost a decade ago." ER at 1302.
 
 
 17
 James cites several specific examples of witness' memory lapses at depositions to show that it would be prejudiced by the delay. Delta urges that, because it bears the burden of proof and because only its own witnesses have suffered memory lapses, there is no prejudice. Delta adds that all of the REV v. Forest depositions and all of the witnesses who were available in "the early 1980's" are still available, so James can still mount an adequate defense. This argument is unconvincing. Statutes of limitations would fail of their purpose if each application had to be preceded by a mini-trial on the length of witness memories. Even if witnesses are still available, the passage of time has dulled memories; the fact that the only clouded memories we know of belong to Delta's witnesses does not show a lack of prejudice to James. Further, the depositions from the REV v. Forrest actions were not taken by James, and are not likely to adequately reflect James' interests. The trial court correctly held that James would be prejudiced.
 
 
 18
 B. ESTOPPEL TO ASSERT THE STATUTES OF LIMITATION
 
 
 19
 Delta urges that it was lulled into its decision not to file the present action sooner as a result of James' conduct, and that James should therefore be estopped from asserting the statute of limitations as a defense. As the California Supreme Court has held, "[o]ne cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." Carruth v. Fritch, 36 Cal.2d 426, 433 (1950).
 
 
 20
 Delta urges that "whether James' own conduct resulted in an estoppel which tolled the statute of limitations is a question for the factfinder." Delta cites as support for this position Golden v. Faust, 766 F.2d 1339, 1341 (9th Cir.1985), but gravely misinterprets the holding of that case, which clearly states "[b]efore estoppel can toll the statute of limitations, certain conditions must be met: 1) the party to be estopped must be apprised of the facts; 2) the other party must be ignorant of the true state of facts, and the party to be estopped must have acted so that the other party had a right to believe that the party intended its conduct to be acted upon; and 3) the other party relied on the conduct to its prejudice." Id. at 1341 (citations omitted). Whether James is estopped by its own conduct is a question of law unless Delta properly pleads all three elements.
 
 
 21
 The key question here is whether Delta was "justly or equitably lull[ed] into a false sense of security" by James' conduct. In other words, did Delta make out a claim that James led Delta to feel reasonably secure that the parties would settle?
 
 
 22
 Delta points to James' requests for time to study the complaint, its suggestion that the parties await the Ninth Circuit's decision in REV v. Forrest, and the fact that James never refused to settle. James, however, never promised to settle, and Delta was represented by attorneys who should have known that the statute was running.
 
 
 23
 Delta counters that California courts "have repeatedly found an estoppel where, as here, the defendant has simply asked the aggrieved party for 'more time' to complete its investigation of the aggrieved party's claim," and cites two workers' compensation cases, Benner v. Industrial Accident Commission, 26 Cal.2d 346 (1945) and United States Casualty Co. v. Industrial Accident Commission, 122 Cal.App.2d 427 (1954) for support. These decisions found, under the specific facts of each, that the plaintiffs had been reasonably led to delay filing by the conduct of the defendants. But what a worker may reasonably infer from such a request is very different from what sophisticated business entities, represented by counsel, may infer.
 
 
 24
 California cases are reluctant to find an estoppel where the parties are represented by counsel and have not entered into an express tolling agreement. Kuntsman v. Mirizzi, 234 Cal.App.2d 753 (1965) "Statutes of limitation are favored by the law, and the law does not favor estoppels, particularly where the party attempting to raise the estoppel is represented by an attorney at law." Id. at 757 (Citations omitted).
 
 
 25
 Delta seeks to overcome this disfavor by pointing to two cases, Golden v. Faust, supra, and Sumrall v. City of Cypress, 258 Cal.App.2d 565, which demonstrate that whether "a party is or is not represented by counsel is not dispositive of the issue of estoppel to assert the statute of limitation." Id. at 570. However, in each of these cases, the defendant's counsel made affirmative misrepresentations to plaintiff's counsel. As Sumrall states in the same paragraph cited by Delta, " 'To permit an insurance carrier to take advantage of the misleading statements and false promises of its agents made to an insured and his counsel in the course of extended settlement negotiations, offends our sense of equity and fair dealing." Id. at 570. James never made any such misrepresentations in this case, and Delta and its attorneys can hardly be considered reasonable in treating James' requests as the equivalent thereof.
 
 
 26
 In 1960, the California Supreme Court held that " '[W]here one acts with full knowledge of plain provisions of law, and their probable effect upon facts within his knowledge, especially where represented by counsel, he can neither claim (1) ignorance of the true facts or [sic] (2) reliance to his detriment upon conduct of the person claimed to be estopped, two of the essential elements of equitable estoppel.' " Cal. Cigarette Concessions v. Los Angeles, 53 Cal.2d 865, 871 (1960) (Citation omitted).
 
 
 27
 Delta was represented by counsel at many, if not all, times during the negotiations with James. This fact renders untenable its claim that it was lulled into delaying this action. No equitable tolling occurred.
 
 
 28
 The judgment of the District Court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Delta cites a number of cases for the proposition that a claim does not become ripe prior to a final judgment, but none of these cases is on point. These cases involve injuries which either had not occurred or could not have been quantified prior to the litigation. The REV litigation, however, merely stated that Delta had been injured--the injury itself existed long before the judgment